COVENANT.

## Hanson vs. Cowan.

Case 121.

Error to the Fayette Circuit; SILAS W. ROBINS, Judge.

*Pleading. Date. Accord and satisfaction.*

October 15.

Declaration on the obligation of Hanson and others to Cowan, on condition that the party (Hanson &c.) represented, succeeded in a certain suit in chancery.

Judge OWSLEY delivered the opinion of the court.

COWAN declared against Hanson, and omits the date of the deed. The writing is declared to have been made by William Hanson, Benjamin Stout, one of the guardians of the heirs of Wm. Bobb and John Springle, and Samuel Ayres, guardian of the heirs of John Springle, by which they bound themselves, jointly and severally, to pay Cowan $150, provided the heirs of William Bobb and John Springle, and William Hanson, recover the lot in Lexington which they are contending for with Col. James Morrison, executor of Col. Nicholas, and get clear of paying £400, the purchase money due from Nicholas to Hickey, and now claimed by Morrison; and the plaintiff, Cowan, avers he did all on his part to be performed, and that said heirs of William Bobb and John Springle, and Wm. Hanson, have recovered the lot by due course of law, and without paying the £400.

The defendant pleaded, first, that the plaintiff had not well and truly kept and performed the covenants on his part, which were conditions precedent.

Second, that subsequent to the covenant declared on, and on the 24th November, 1821, another covenant and agreement was made between said plaintiff of the one part, Benjamin Stout, guardian, Thomas W. Webb, John Williams, and Samuel Vanpelt, of the other part, of and concerning the same matters alluded to in the covenant declared on: by which the said obligors of the second part covenanted and agreed to pay said Cowan $150, in case the court of appeals should decide in favor of said Bobb's heirs and Springle's heirs, in their suit with Col. Morrison, about said lot in Lexington; but if said heirs did not get a decree of the court of appeals for said lot, without paying the £400, then the said Stout and the others were to pay said Cowan nothing; and he makes profert of said covenant, mutually signed by the said parties, and avers that this last agreement and covenant was executed in lieu of that declared on, and that the said covenant on the part of said Stout and others in the second count, was made, executed, and delivered by them, and received by the plaintiff in full satisfaction of the covenant declared on.

Cowan demurred to each of these pleas, and judgment was thereupon rendered in his favor.

Covenants performed was also pleaded; and upon the issue joined to that plea, the jury found for Cowan, and judgment was accordingly rendered thereon in his favor.

The judgment should have been for Hanson, on the demurrer to his pleas: 1st, Because the declaration is insufficient; the omission to state the date of the covenant was matter of substance, and fatal according to the decision of Metcalf vs. Standiford, 1 Bibb, 618.

2. The amended plea secondly pleaded, is substantially an accord and satisfaction between the parties, by which the plaintiff, Cowan, did accept the covenant last executed by Stout, and others not

---

**Marginal notes:**

HANSON
vs.
COWAN.

Plea of non-performance of conditions precedent.

Plea of substitution of another covenant in stead of that declared on.

Demurrer to pleas, and judgment for plaintiff.

Plea of covenants performed, found for plaintiff, and judgment

Declaration on a covenant without stating the date, is insufficient.

New covenant, executed by part of the original covenantors

HANSON
vs.
COWAN.

and others, for the same sum, payable on the same condition, and delivered and received in lieu of the former, (before the breach it seems) may be pleaded as a satisfaction

Mandate.

named in the first, in full satisfaction and discharge of the first, upon an agreement in and about the same matters. Though the sum stipulated to be paid in each covenant is the same, the additional security in the latter covenant makes it a good satisfaction, even if it would not have been such, provided it had been executed by the same persons only by whom the first was executed; 2 Starkie's Evi. 25.

The judgment must be reversed with cost, the cause remanded to the court below, and judgment there entered in favor of Hanson, unless Cowan shall obtain leave and amend his declaration; and if he does so, then such further proceedings must be had as may not be inconsistent with the principles of this opinion.

*Combs* for the plaintiff; *Wickliffe* and *Haggin* for the defendant.